**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES S. GREEN,**<br>*Plaintiff,*<br><br>**v.**<br><br>**PECO,**<br>*Defendant.* | **Civil No. 25-617** |

**MEMORANDUM**

**Costello, J.** **October 2, 2026**

Plaintiff James S. Green is an energy technician for Defendant PECO. In 2022 and 2023, Defendant denied Plaintiff's two requests for promotion. In response, Plaintiff brought this action, claiming that those rejections constitute unlawful age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant moved for summary judgment. Because Plaintiff did not timely exhaust his administrative remedies, the Court will grant Defendant's motion.

## I. BACKGROUND

Plaintiff, a 69-year-old man, has worked for Defendant as a non-entry level energy technician since 1997. Plaintiff's Deposition at 23:22-24:8 (ECF No. 25-11). Defendant is the largest electric and natural gas utility in Pennsylvania. Complaint ¶ 3 (ECF No. 1); Answer ¶ 3 (ECF No. 10).

In late 2022, Plaintiff raised the possibility of becoming an upgrade foreman for Eastern Montgomery County with one of his supervisors. Defendant's Amended Responses to Plaintiff's Interrogatories ¶ 4 (ECF No. 25-7). Foremen formally supervise energy technicians. Cox

Deposition at 27:12-14 (ECF No. 25-9). When a foreman is unavailable, an energy technician may be upgraded to take on those responsibilities. Defendant's Position Statement at 2 (ECF No. 25-1). As such, upgrade foreman is not a formal position, but rather a designation applied on an as-needed basis. *Id.* In Montgomery County, only one energy technician serves as an upgrade foreman. *Id.* Plaintiff inquired about becoming a second. *Id.*

After discussing the matter, the two supervisors for Montgomery County jointly decided that an additional upgrade foreman was unnecessary. ECF No. 25-7 ¶ 4. They did not inform Plaintiff of their decision at the time. ECF No. 25-11 at 12:10-20. However, by September 6, 2023, Plaintiff had heard that he would not receive the designation. *Id.* at 18:24-19:3.

In 2023, the foreman for Montgomery County retired, and Defendant issued a job posting to fill the position. ECF No. 25-1 at 2; Foreman Job Posting (ECF No. 25-5). Plaintiff applied on August 25, 2023. Plaintiff's Forman Application Email (ECF No. 25-6). On September 6, 2023, Defendant rejected Plaintiff for the position. ECF No. 25-1 at 2. Defendant claimed that his promotion would violate its policies because the promotion would create a possibility that Plaintiff would supervise his son, another energy technician. *Id.*; ECF No. 25-11 at 18:24-21:9.

Plaintiff argues that this justification was pretextual and that he was rejected from the foreman and upgrade foreman positions due to his age in violation of ADEA. *See generally* Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (ECF No. 25). On March 6, 2024, Plaintiff filed an inquiry questionnaire with the Equal Employment Opportunity Commission ("EEOC"). Intake Questionnaire at 2 (ECF No. 25-12). On July 17, 2024, after meeting with EEOC staff, Plaintiff filed and signed a formal charge of discrimination against Defendant. Signed Discrimination Charge (ECF No. 25-8). The EEOC issued Plaintiff a right-to-sue letter on November 7, 2024. ECF No. 1 ¶ 7(b).

Plaintiff filed the instant action in February 2025. *See generally* ECF No. 1. Plaintiff asserted one count of age discrimination premised on his two rejections. *Id.* ¶ 19-21.[1] Defendant now moves for summary judgment. *See generally* ECF No. 21-4. Defendant raises three arguments in support. First, Defendant argues that Plaintiff failed to exhaust his administrative remedies because he did not timely file a charge of discrimination. *Id.* at 10-11. Second, Defendant argues that its refusal to create an upgrade foreman position for Plaintiff was not an adverse employment action sufficient to bring a claim under ADEA. *Id.* at 12-15. Third, Defendant argues that it had legitimate, non-discriminatory reasons for the two rejections that Plaintiff cannot show were pretextual. *Id.* at 16-20. Plaintiff opposed the motion in all respects. *See generally* ECF No. 25.

## II. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). However, exhaustion of administrative remedies "is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden Cnty.*, 728 F.3d 265, 269 (3d Cir. 2013) (citation omitted).

---

[1] Defendant also moves for summary judgment on Plaintiff's supposed motor vehicle accident training claim. *See generally* Defendant's Motion for Summary Judgment (ECF No. 21-4). However, Plaintiff makes clear that his suit is based only on Defendant's failure to promote him into the foreman or upgrade foreman roles. *See* ECF No. 25 at 1. Plaintiff's evidence regarding the truck accident is merely circumstantial proof of Defendant's illegal intent with respect to his promotion claims. Plaintiff's Sur-Reply in Opposition to Defendant's Motion for Summary Judgment at 1 (ECF No. 28).

## III. DISCUSSION

"A plaintiff seeking relief under . . . ADEA must exhaust his or her administrative remedies." *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 111 (3d Cir. 2014). Exhaustion requires a plaintiff to timely file a charge of discrimination. *Id.* "In a deferral state, such as Pennsylvania, a plaintiff is required to file an ADEA charge of discrimination with the EEOC 'within 300 days after the alleged unlawful employment practice occurred.'" *Parker v. Royal Oak Enters., Inc.*, 85 F. App'x 292, 294 (3d Cir. 2003) (quoting 29 U.S.C. § 626(d)(1)(B)). Here, Plaintiff failed to timely file a charge with the EEOC.

Plaintiff knew about both rejections as of September 6, 2023. Therefore, this 300-day statutory window closed on July 2, 2024. Plaintiff filed his intake questionnaire on March 6, 2024. ECF No. 25-12 at 2; EEOC Log (ECF No. 25-13). On July 17, 2024—over two weeks after the deadline—Plaintiff signed and filed his formal charge against Defendant. ECF No. 25-8 at 1. Because Plaintiff's intake questionnaire was his only timely filed document, he argues that this form constitutes a valid charge of discrimination. Plaintiff is mistaken.

"[A] wide range of documents [may] be classified as charges." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). An EEOC filing constitutes a charge of discrimination only if (1) "it satisfies the requirements of 29 C.F.R. § 1626.6" and (2) it "can 'reasonably [be] construed as a request for [the EEOC] to take remedial action to protect the employee's rights.'" *Hildebrand*, 757 F.3d at 112-13 (quoting *Holowecki*, 552 U.S. at 402). The parties contest the second element.

Under that element, the Court must examine a filing "from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Pizio v. HTMT Glob. Sols.*, 555 F.

App'x 169, 174 (3d Cir. 2014) (quoting *Holowecki*, 552 U.S. at 402). The form need not "contain some magic combination of words explicitly seeking agency action." *Holender v. Mut. Indus. N. Inc.*, 527 F.3d 352, 357 (3d Cir. 2008).

However, the Court must not "treat Intake Questionnaires willy-nilly as charges." *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 415 (3d Cir. 2010) (quoting *Park v. Howard Univ.*, 71 F.3d 904, 909 (D.C. Cir. 1995)). That would undermine the form's primary purpose "to facilitate pre-charge filing counseling and to enable the [EEOC] to determine whether it has jurisdiction over potential charges." *Holowecki*, 552 U.S. at 405 (internal quotation omitted). As such, the Court must distinguish between intake forms that constitute a charge and those that are "merely a prelude to a charge." *Ballard v. Ameren Ill. Co.*, 173 F.4th 946, 950 (7th Cir. 2026) (internal quotation omitted). "When the Intake Questionnaire manifests intent to have the agency initiate its investigatory processes," it is a charge of discrimination. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 305 n.2 (2d Cir. 2015) (citation omitted); *Semsroth v. City of Wichita*, 304 F. App'x 707, 713 (10th Cir. 2008); *see also Brooks v. Harrisburg Area Cmty. Coll.*, No. 24-1800, 2025 WL 1367178, at *3 (3d Cir. May 12, 2025). To determine a filing's objective intent, courts consider the text of the questionnaire itself and the plaintiff's responses therein. *See, e.g.*, *Hildebrand*, 757 F.3d at 113; *Williams v. CSX Transp. Co.*, 643 F.3d 502, 510 (6th Cir. 2011); *Ballard*, 173 F.4th at 950-51.[2]

Here, the text of Plaintiff's questionnaire form does not indicate that he intended to invoke the EEOC's remedial process. The form must manifest a present intent to file a charge,

---

[2] Some authorities also hold that a plaintiff's subsequent conduct within the statutory window may be used to corroborate his or her objective intent at the time of filing. *See Brooks*, 2025 WL 1367178, at *4 (Ambro, J., concurring); *Semsroth*, 304 F. App'x at 713-14. But no such conduct is at issue here.

rather than an intent to file one in the future. *Brooks v. Harrisburg Area Cmty. Coll.*, No. 23-1169, 2024 WL 1333376, at *4 (M.D. Pa. Mar. 28, 2024), *aff'd* 2025 WL 1367178 (3d Cir. May 12, 2025); *Brooks*, 2025 WL 1367178, at *3 n.4; *cf. Ballard*, 173 F.4th at 951; *Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 764 (6th Cir. 2025). The headings on Plaintiff's inquiry form include "POTENTIAL CHARGING PARTY," "POTENTIAL CHARING PARTY'S DEMOGRAPHICS," and "APPROXIMATE DEADLINE FOR FILING A CHARGE." ECF No. 25-12 at 1-2. This form was at issue in *Brooks*. *See* 2024 WL 1333376, at *4. And as there, Plaintiff's "form, standing alone, is plainly not a charge, as its language explicitly contemplates a potential future filing of a charge rather than a present intent to file a charge." *Id.*; *see also Folgueras v. Dubois Regional Med. Ctr.*, No. 24-15, 2025 WL 3706382, at *5 (W.D. Pa. Dec. 22, 2025) (same); *Hicks v. Acell Inc.*, No. 21-30, 2022 WL 2713651, at *3 (N.D. Ind. July 13, 2022) (same).[3]

Furthermore, nothing in Plaintiff's written responses makes an express or implicit request for remedial action. A request may be inferred from a plaintiff's reference to damages, repayment, or other form of accountability. *See, e.g.*, *Flores v. Adare Pharma Sols.*, No. 25-6372, 2026 WL 1493411, at *3 (E.D. Pa. May 27, 2026); *Carson v. Cudd Pressure Control*, 299 F. App'x 845, 848 (10th Cir. 2008); *Williams.*, 643 F.3d at 510. But a plaintiff must do more than generally describe allegedly discriminatory events. *EEOC v. Summer Classics, Inc.*, 471 F. App'x 868, 872 (11th Cir. 2012) ("Mr. Lowe labeled Summer Classics' employment actions 'discrimination' and 'a crime,' he described his resulting depression, fatigue, and lack of sleep,

---

[3] True, the *Brooks* court "did not hold that a purported Inquiry Information form–as opposed to a purported Inquiry Questionnaire form–cannot *per se* satisfy the administrative exhaustion requirement." ECF No. 28 at 2. However, it must still be apparent to a reasonable observer that the form requests the EEOC take remedial action. *Holowecki*, 552 U.S. at 402. And nothing in Plaintiff's initial filing either expressly or implicitly makes such a request.

and he stated he was 'looking for counsel' . . . . [but] nothing in [this] indicates to an objectively reasonable reader that Mr. Lowe wishes to activate the machinery and remedial processes of the EEOC." (internal quotation omitted)).

Here, Plaintiff's responses provide only general descriptions of the allegedly discriminatory actions that he endured. His questionnaire response reads in full as follows:

> Ongoing harassment and discriminatory events om February 5th were charged with a day off for a minor incident with my work truck no damage caused, while other with more server accidents were not charged with any their incidents and no time off. Due to incident was forced to take two driving classes while others never two just one or the other I believe the only reasoning for me taking two is to my age. this is the latest action there have been other times of harassment and discrimination. In my position I have documentation. Other incident is promotions were postponed in my department when put in for the opportunity while others have been and given the chance, I am more qualified more seniority but again older. When asked why I was over looked was told not time to arrange it while others were given the time? Ask for my file to show qualifications told by H/R company have lost my file of 28years, More than just these examples.

ECF No. 25-12 at 1-2.

As in *Summer Classics*, Plaintiff's statements fail to request remedial action. Plaintiff did not provide detailed factual allegations or request any form of relief. *See Brooks*, 2025 WL 1367178, at *4 (Ambro, J., concurring); *Williams*, 643 F.3d at 510. Nor did he request accountability for Defendant or action by the EEOC. *See, e.g.*, *Flores*, 2026 WL 1493411, at *3. Plaintiff's filing is, therefore, merely a prelude to his eventual charge. *Ballard*, 173 F.4th at 950. Because Plaintiff's questionnaire "does not contain the requisite request that the EEOC take remedial action," it is not a charge of discrimination. *Brooks*, 2025 WL 1367178, at *3.[4] Accordingly, because Plaintiff failed

---

[4] Plaintiff also notes that he submitted "email evidence supporting his case" along with his inquiry form. ECF No. 25 at 12. While Plaintiff's language in the email could support his argument that the inquiry form is a charge of discrimination, that email is not in evidence.

to timely exhaust his administrative remedies, Defendant is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment. An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge

---

Indeed, the only evidence Plaintiff points to is the supplemental information page of his inquiry form that merely states "[e]mails enclosed." ECF No. 25-12 at 3. Plaintiff's argument necessarily fails because it is not "supported by adequate admissible evidence." *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 95 (3d Cir. 1999).